UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TIFFANY PELSIA ET AL | CIVIL ACTION NO. 6:25-CV-01047 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| EYE WONDER PHOTO ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### REPORT AND RECOMMENDATION

Before the Court is a MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION filed by Defendants Eye Wander Photo, Inc. ("Eye Wander") and its President, Aaron Hogan. Rec. Doc. 19. *Pro se* Plaintiffs Tiffany Pelsia and William Irvin[1] have not opposed this motion. This motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that the instant motions be GRANTED and this matter be DISMISSED WITHOUT PREJUDICE to Plaintiffs' right to assert their claims in a court of comptetent jurisdiction.

### Factual and Procedural Background

After review of the record, this Court surmises that in February of 2025 Tiffany Pelsia and Ryan Pelsia contracted with Eye Wander for photography services for their March 21, 2025 wedding. Rec. Doc. 18. Plaintiffs Tiffany Pelsia and her maid of honor William Irvin filed the instant suit on July 21, 2025 seeking "emotional and expectation damages, and possible punitive/statutory damages" against Eye Wander and Hogan and for "financial and

---

[1] Plaintiffs filed a Motion to Appoint Counsel (Rec. Doc. 17) which the Court denied on the grounds that the exceptional circumstances for appointment of counsel in a civil case do not exist (Rec. Doc. 21, p. 4). Plaintiffs have also recently attempted to obtain counsel but have been declined as stated in an apology letter to the Court. Rec. Doc, 18 at p. 4.

1

emotional damages" due to defendants' breach of a wedding photography contract. Rec. Doc. 1.

In response to the initial Complaint, Defendants filed a MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION. Rec. Doc. 3. Plaintiffs opposed the motion (Rec. Doc. 7) and filed a MOTION TO ADD PLAINTIFF (Rec. Doc. 14). This Court construed this motion as seeking to amend and denied the motion to dismiss as moot, noting that Defendants could reassert their motion to dismiss once the amended complaint was filed. Rec. Doc. 16.

On September 26, 2025, Plaintiffs filed an Amended Complaint seeking damages, a declaration "that the Groom's signature is invalid and contract obligations unenforceable," and "to enjoin Defendant from misusing Plaintiffs' images or making further defamatory statements." Rec. Doc. 18. The Amended Complaint alleges the following causes of action, as stated verbatim from that pleading:

> Count I—Breach of Contract (Louisiana Law)
> • Defendant failed to provide contracted services and substituted personnel without consent.
>
> Count II—Fraud/Misrepresentation (Federal & State Law)
> • Fabricated electronic signature of Groom; misrepresented validity of contract; intent to mislead proven by metadata.
>
> Count III—Copyright Infringement (17 U.S.C. § 501 *et seq.*)
> • Altered and withheld wedding photographs without authorization, violating Plaintiffs' copyright rights.
>
> Count IV—Defamation (Louisiana Law)
> • Public statements falsely labeling Plaintiff Irvin as a "fraud" damaged his reputation.
> • Threats of slander litigation were designed to chill free speech.
>
> Count V—Retaliation/Anti-SLAPP (First Amendment and Louisiana Anti-SLAPP Statutes)
> • Defendant attempted to silence criticism and reviews by threats of litigation.
>
> Count VI—Unfair Trade Practices (LA. STAT. ANN. § 51:1409)

- Substitution of photographer, falsification of contract, and misrepresentation constitute unfair and deceptive practices, entitling Plaintiffs to treble damages.

*Id.* at 3-4.

In response, Defendants filed the instant Rule 12(b)(1) motion seeking dismissal for lack of subject matter jurisdiction. Defendants specifically assert that diversity jurisdiction under 28 U.S.C. §1332 is lacking because Pelsia, Irvin, Hogan, and Eye Wander[2] are Louisiana citizens—thereby destroying diversity—and that the amount in controversy does not exceed $75,000.00. Defendants further assert that the complaint does not "support or plead with particularity" any claims arising under the Constitution, laws, or treaties of the United States that would establish federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs did not file an opposition; therefore, the motion is unopposed.

## Analysis

The law governing federal jurisdiction is well settled:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…which is not to be expanded by judicial decree. It is to be presumed that a cause of action lies outside this limited jurisdiction…and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted).

Federal district courts possess two types of original subject matter jurisdiction: diversity and federal question. Diversity jurisdiction permits district courts to hear cases in which there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332. Section 1332 requires "complete diversity,"

---

[2] Defendants attach the Articles of Organization by the Louisiana Secretary of State, stating that Eye Wander Photo, Inc.is a Louisiana Corporation with its principal place of business being East Baton Rouge Parish, State of Louisiana. (Rec. Docs. 3-1 at p. 2, 3-3).

3

which is to say that no party on one side of the controversy may share citizenship with any party on the other side of the controversy. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008.)  Federal question jurisdiction authorizes district courts to preside over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction under section 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).  Nevertheless, federal courts do not have jurisdiction over complaints that cite to federal laws where the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or "is wholly insubstantial and frivolous." *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 349 (5th Cir. 2021) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *see also Henderson v. Buttross*, No. 17-436, 2017 WL 2391806, at *2 (W.D. Tex. June 2, 2017) ("A pro se plaintiff's mere assertion of a federal statute, which clearly does not apply, is insufficient to invoke federal question jurisdiction."). "The basis for federal subject matter jurisdiction must affirmatively appear in the pleadings of the party seeking to invoke jurisdiction." *Margin v. Sea-Land Servs., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987).

      Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.* "When courts lack subject matter jurisdiction over a case, they lack the power to adjudicate the case and must dismiss it." *Goodrich v. United States*, 3 F.4th 776, 779 (5th

4

Cir. 2021). The court's dismissal of a case because the court lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Ramming*, 281 F.3d at 161.

It is facially apparent and undisputed that the parties are not diverse, and the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000.00. Accordingly, the Court finds that diversity jurisdiction is lacking.

Regarding whether a federal question exists, the Amended Complaint alleges, *inter alia*, that the parties had entered into a contract for wedding photography services, that the contract was executed electronically with the groom's signature being fabricated, that Defendants failed to deliver on the contracted photography services, and that Irwin was "silenced" and labeled a "fraud" on public platforms. Rec. Doc 18 at 2-3. As *pro se* litigants, Plaintiffs' Amended Complaint is subjected to the same jurisdictional standards applied in all cases, but their pleadings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While the pleading need not cite a federal statute or rule by name, its jurisdictional basis must be alleged "affirmatively and distinctly." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983). A review of the Amended Complaint discloses no factual allegations which, liberally construed, state a claim arising under federal law. Although the Amended Complaint specifically alleges federal jurisdiction based on the existence of a federal question, these bare assertions are insufficient, particularly in light of defendants' jurisdictional challenges. The causes of action which Plaintiffs rely on to assert federal question jurisdiction—namely, Count II- Fraud/Misrepresentation (Federal & State Law), Count III-Copyright Infringement (17 U.S.C. § 501 *et seq.*), and Count V-Retaliation/Anti-SLAPP (First Amendment)—appear to be immaterial and made solely for the purpose of obtaining jurisdiction in what is clearly a breach of contract matter. Accordingly, the Court finds that Plaintiffs have not carried their burden to establish this Court has federal question

5

jurisdiction over their claims, nor have they responded to Defendants' motion in an attempt to do so. As such, this matter should be dismissed for lack of subject matter jurisdiction.

## Conclusion

Having determined that the Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332 for the reasons discussed herein, this Court recommends that the MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (Rec. Doc. 19) filed by Defendants Eye Wander Photo, Inc. and Aaron Hogan be GRANTED and that all claims asserted by Plaintiffs Tiffany Pelsia and William Irvin be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

THUS DONE in Chambers on this 10th day of December, 2025.

David J. Ayo
United States Magistrate Judge